UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JUSTIN LORENZO THOMAS<br>LA. DOC # 514967 | CIVIL ACTION NO. 08-1666<br>SECTION P |
| VS. | JUDGE MINALDI |
| TERRY TERRELL, ET AL. | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Justin Lorenzo Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on November 3, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Allen Corrections Center (ACC). He complains that he was wrongfully terminated from a cabinet making/carpentry class because of his sexual orientation. He sues all of the ACC Wardens – Terry Terrell, Keith Cooley, Anthony Allemond, and Mark Estes. Plaintiff prays for an unspecified amount of money damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Background*

Plaintiff's original complaint provided few facts in support of his conclusory allegation that he was wrongfully discharged from a "vo-tech" course because he is a homosexual. According to the complaint, plaintiff was enrolled in a "post-secondary or secondary class of vo-tech cabinet making carpentry class . . . with Oakdale Community College." On some unspecified date he "was told by the staff [sergeant] he would get me kicked out because I'm a homosexual and he despise my kind with a passion . . . ." On some unspecified date he was

"relieved of . . . classes without reasoning and told that no reason was necessary to be posed to me personally due to security purposes . . . ." Doc. 1, ¶IV.

Along with his original complaint, plaintiff provided a number of exhibits in support of his claim, some not relevant. Nevertheless, those documents reveal that the sergeant who was responsible for the loss of his Vo-Tech privilege was named Sergeant Brister. Doc. 1-3, at 10. Elsewhere he identified those responsible as Mr. Roberts, Mr. Jones, Sgt. Bristle,[1] Mr. Langley, and Sgt. Calcote. With respect to Sgt. Bristle, he "told me that I was going to be reclass for my sexual preference of which he despised . . . ." He also wrote, "I then had this conversation with two Plant Managers Mr. Robert and Mr. Jones. They told me that Sgt. Brister do not distinguish who comes to work for Prison Industries leave it as is in the dormitory or elsewhere and my lifestyle wouldn't be held against me . . . ." Doc. 1-3, at 11.

Further, in a separate hand-written note plaintiff implied that the defendants' actions violated his due process and equal protection rights as guaranteed by the Fourteenth Amendment. Doc. 1-3, at 12. Plaintiff further provided a series of Administrative Remedy grievances complaining about his re-classification and loss of "vo-tech" privileges based on sexual preference. These grievances also accuse prison staff of fraud and malfeasance with respect to the management of federally funded or state funded rehabilitation programs. Doc. 1-3, at 13-18. In one of the grievances plaintiff acknowledged that "Mr. Jones and Mr. Roberts . . . informed me that 'it was not Brister's say so of who does and doesn't work in Prison Industries' . . . ." Doc. 1-3, at 16. Finally the documents imply that plaintiff was discharged from the "vo-tech" program sometime between February – May of 2008. Doc. 1-3, at 13.

---

[1] Plaintiff appears to be referring to Sergeant Brister, but names him Sgt. Bristle.

Based on the insufficient information contained in plaintiff's original petition, this court issued a memorandum order [doc.5], directing plaintiff to amend his complaint and cure the noted deficiencies. In the memorandum order, plaintiff was advised, among other things, that he needed to plead specific facts to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure. He was also informed that with respect to his named defendants, all of whom appeared to be named in their supervisory capacity, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

Plaintiff filed a response to the memorandum order on May 12, 2009. Doc. 6. He also filed attachments to the response. On June 22, 2009, plaintiff filed an additional response and more documentation. Doc. 9. These additional documents provided the court with some, but not all of the requested information.

*Law and Analysis*

*Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *see Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief

could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias*, 23 F.3d at 97. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the following reasons, that the complaint should be denied and dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted.

*Supervisory Liability*

As previously stated, plaintiff sued Wardens Terry Terrell, Keith Cooley, Anthony Allemond, and Mark Estes. In the memorandum order [doc. 5], plaintiff was advised that his claims did not establish liability on the part of the wardens. Plaintiff's subsequent filings did not remedy that defect. "Supervisory officials may be held liable only if: (i) they affirmatively

participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Tex. Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff has not alleged facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these defendants.

*Liberty Interest/Property Interest and Due Process*

In order to hold any of the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). As stated above, plaintiff contends that the defendants have deprived him of the ability to be enrolled in a cabinet making/carpentry class, thus implicating a violation of his right to Due Process.

Prisoners, of course, have no constitutional right to a particular job assignment or educational opportunity. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (citing *Meachum v. Fano*, 427 U.S. 215, 229 n.8, 96 S. Ct. 2532, 2540 n.8, 49 L. Ed. 2d 451 (1976); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995)).

To the extent that plaintiff may also claim that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701,

2709, 33 L. Ed. 2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis added). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S. Ct. at 2708, 33 L. Ed. 2d 548. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit . . . ." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988).

Plaintiff does not deny that his incarceration is lawful. Lawfully incarcerated persons retain only a narrow range of protected liberty interests. Broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S. Ct. 2963, 2979, 41 L. Ed. 2d 935 (1974). To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum*, 427 U.S. at 225, 96 S. Ct. at 2538, 49 L.Ed.2d 451. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S. Ct. 1049, 1060, 92 L. Ed. 1356 (1948). Plaintiff has neither a liberty nor property interest in his eligibility to participate in a particular "vo-tech" class. Thus, his claims in this regard are frivolous and dismissal on that basis is recommended.

With regard to plaintiff's Equal Protection claim, the Equal Protection Clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. *See Rolf v. San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). In order to successfully plead an equal protection claim, a civil rights plaintiff must allege (1) that the defendant created two or more classifications of similarly situated prisoners that were treated differently and (2) that the classification had no rational relation to any legitimate governmental objective. *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997).

Here, plaintiff has provided only conclusory allegations concerning his allegations of disparate treatment. In fact, in his second response to the amend order, plaintiff stated, "that day three homosexuals and myself were relieved of our duties by being reclassed out of the Votech class, don't get me wrong there were more than homosexuals who were reclassed . . . ." Plaintiff has not adequately pleaded an Equal Protection Clause violation.

*Conclusion*

In accordance with the foregoing, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Servs. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

    **THUS DONE AND SIGNED**, in Chambers, at Lake Charles, Louisiana, this 29th day of August, 2009.

                                                                     *[signature]*
                                                         KATHLEEN KAY
                                    UNITED STATES MAGISTRATE JUDGE